IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEBRA LYNNE HOPKINS, | ) | Case No. 11-44130 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| BELFOR USA GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 11-4337 |
| | ) | |
| DEBRA LYNNE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ATTORNEYS' FEES
## AND
## ORDER DIRECTING JUDGMENT IN FAVOR OF PLAINTIFF

On March 12, 2012, this Court entered Findings of Fact and Conclusions of Law, finding that a portion of Debtor Debra Lynne Hopkins' debt to Plaintiff Belfor USA Group, Inc. ("Belfor") was nondischargeable under 11 U.S.C. §§ 523(a)(4) and (a)(6).  I also held that, because 84% of the Debtor's debt to Belfor is nondischargeable, 84% of Belfor's reasonable attorneys fees would likewise be nondischargeable.  I directed the parties to file briefs as to the reasonableness of Belfor's requested fees, which the parties have done.  For the reasons that follow, Belfor's nondischargeable judgment will include $11,679.78 in attorneys' fees.

On March 4, 2011, Belfor entered into a Fee Agreement with attorney Dennis J. Cassidy, then with the law firm of DeZube Miller, LLC.[1]  The Fee Agreement provided for a contingency fee of 40% if the case went to trial.  Based on the judgment amount of $37,676.33 plus interest and costs, Belfor seeks nondischargeable attorneys' fees in the amount of $21,544.08.

However, bankruptcy courts in the Eighth Circuit generally utilize the lodestar approach in determining whether requested attorneys' fees are reasonable, unless the circumstances indicate that the application of the lodestar approach is inappropriate for some reason.[2]  Under the lodestar approach, the number of hours reasonably expended in representation is multiplied by a reasonable hourly rate.[3]  According to Belfor, Mr. Cassidy billed a total of 60.3 hours.  Of that time, 5.1 hours were billed while Mr. Cassidy was at DeZube Miller, at a rate of $225 per hour, for a total of $1,147.50, and 55.2 hours of that time were billed while Mr. Cassidy was at Dunn & Davidson, at a rate of $250 per hour, for a total of $13,800.  Combined, that amounts

---

[1]  After Belfor retained Mr. Cassidy, he left DeZube Miller and joined the firm of Dunn & Davison, LLC.

[2]  *In re Koerkenmeier*, 344 B.R. 603, 609 (Bankr. W.D. Mo. 2006) (citing *In re Apex Oil Co.*, 960 F.2d 728, 732 (8th Cir. 1992); *Chamberlain v. Kula* (*In re Kula*), 213 B.R. 729, 736 (B.A.P. 8th Cir. 1997); *In re Morrison*, 231 B.R. 754, 758 (Bankr. W.D. Mo. 1999)).  *See also Cutliff v. Reuter* (*In re Reuter*), 2010 WL 3606032 (Bankr. W.D. Mo. Sept. 10, 2010).

[3]  *Id.*

2

to a lodestar amount of $14,947.50 for Mr. Cassidy.  In addition, Dunn & Davidson

charged $337 for an associate and paralegal, for a total of $15,284.50.

Belfor asserts it should be allowed its contingency fee, as opposed to the

lodestar amount, because (a) Belfor insisted on a contingency arrangement due to the

uncertainty of obtaining a collectible judgment; (b) similar cases are litigated on a

contingency fee basis; (c) the case involved the prosecution of claims against two

separate parties, namely the Debtor and her mortgage lender, Wells Fargo; and (d)

"the slight difference between the contingency fee being sought ($21,544.08) and

what the fee would have been had the prosecution of Belfor's claims against Hopkins

been handled on an hourly fee basis ($13,904.50).[4]"

Under the circumstances of the case, I see no reason to deviate from the lodestar

approach in determining the reasonable fees for which the Debtor should be

responsible.  The difference between the contingency fee and the lodestar amount is

not "slight," as Belfor suggests, inasmuch as the contingency fee is half again as much

as the lodestar amount.  Further, while the issues with Wells Fargo may have

increased the amount of time needed to litigate the matter, the fact that the litigation

also involved Wells Fargo is largely irrelevant to whether a contingency fee or

---

[4]  The figure $13,904.50 is the lodestar amount giving Mr. Cassidy an hourly rate of $225
for all the work he performed.

3

lodestar fee is appropriate.  Although representation in cases such as this might

sometimes be done on a contingency basis, many such cases are also done on an

hourly basis.

Finally, while the Debtor agreed to pay Belfor's attorneys' fees if she failed to

pay for its services, her contract with Belfor did not expressly contemplate a

contingency fee arrangement.  This Court, in awarding attorney fees as part of the

nondischargeable judgment, is not bound by an agreement between Belfor and its

attorneys, to which the Debtor was not a party.  I find, based on the foregoing, that

there is no reason to deviate from the presumed-appropriate lodestar method in this

case.

The Debtor first asserts that the 60.3 hours should be reduced by 1.7 hours for

dealing with the claim against Wells Fargo.  According to Mr. Cassidy, when the

litigation began, Belfor did not know where the missing checks had gone.  Because

Wells Fargo could have been the recipient of the money intended for Belfor, Wells

Fargo was initially a defendant in the state court litigation.  In any event, Mr. Cassidy

states that he separated out the amounts of time attributable to the claim against Wells

Fargo and it would appear from the submitted time entries that he did so.  In any

event, under the circumstances, a small amount of time charged for sorting out the

issue of where the money went is reasonable, and the total hours will not be reduced by that amount.

The Debtor also asserts the hours should be reduced by 2.4 hours of time for emailing or conferring with the "claim handler."  However, the "claim handler," Kimberly Motala, was Mr. Cassidy's client contact at Belfor.  Conferring with the client contact is not an inappropriate charge for time, and the amount of time attributable to such contacts is not excessive.  In addition, the Debtor asserts the time should be reduced by one hour for conferring with a bankruptcy attorney.  In view of the fact that this matter started as a state court matter, and it was the Debtor who brought what otherwise would have been state court litigation into the bankruptcy forum with which Mr. Cassidy was not familiar, one hour charged for conferring with bankruptcy counsel is reasonable.

Debtor also asserts that the total amount of time is excessive and should be reduced by 25%.  As Belfor states in its brief, the Fifth Circuit has enumerated a list of guidelines which the courts have often used in determining reasonableness under the lodestar method:  (1) the time and labor required; (2) the novelty and difficulty of the questions presented by this matter; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by Belfor's counsel due to acceptance of this case; (5) the customary fee for similar work in the community; (6)

5

whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of Belfor's counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[5]

Even though the underlying facts were not particularly novel or difficult, I find that the total amount of time billed was reasonable, particularly given the fact that this matter started in state court and then resulted in an actual trial on both liability and nondischargeability in the bankruptcy court. And, as stated, the time sheets show that Belfor omitted from its request much of the time spent concerning its claims against Wells Fargo, even though it was not clear at the beginning of the case who received the money intended for Belfor. Mr. Cassidy demonstrated the necessary skill requisite to perform the legal service properly and, indeed, he obtained a favorable result for his client. The remaining *Johnson* factors are not applicable under these facts.

In sum, I have reviewed the time entries attached to Belfor's brief and find that the total hours expended to be reasonable under the circumstances.

The Debtor also asserts that the hourly rate of $250 is excessive. She points out that the Disclosure Statement attached to the Fee Agreement between Belfor and Mr.

---

[5] *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

6

Cassidy, which was signed in March 2011, disclosed that counsel's hourly rate was $225. Apparently, Mr. Cassidy's rate increased to $250 when he switched firms. I find the amount disclosed in the Agreement to be controlling and further find that the rate of $225 per hour is reasonable and appropriate. The fact that the Court in *In re Reuter* approved a rate of $250 per hour does not warrant an upward deviation from what was represented in the Disclosure Statement.

At $225 per hour, 60.3 hours amounts to $13,567.50. I find that amount to be reasonable under the circumstances. In addition, the time sheets show $245 for an associated who worked on the case, and $92 for a paralegal. That totals $13,904.50. Of that amount, 84%, or $11,679.78, is nondischargable.

Finally, Belfor requests judgment for costs in the amount of $1,156.40. This includes items listed on the Litigation Expense Summary attached as Exhibit E to Belfor's brief in the amount of $508.40, plus transcription fees for the Debtor's deposition in the amount of $648. I find these costs to be reasonable and that 84% of them, or $971.38, are nondischargeable.

ACCORDINGLY, the Clerk of the Court is ORDERED to enter Judgment, in favor of Plaintiff Belfor USA Group, Inc., in the amount of $37,676.33, plus interest on such amount, attorneys' fees in the amount of $11,679.78, and costs in the amount of $971.38. Such Judgment is nondischargeable.

IT IS SO ORDERED.

/s/ Arthur B. Federman
Honorable Arthur B. Federman
United States Bankruptcy Judge

Date: 4/9/12